DARBY *v.* FULMER *et al.*

No. 8282. NOVEMBER 13, 1931.

*Lankford & Rogers,* for plaintiff.
*Saffold, Sharpe & Saffold,* for defendants.

BECK, P. J. In section 22 of the charter of the City of Vidalia, approved August 8, 1922 (Acts 1922, p. 1022), it is provided that "The mayor and council of said city shall have the right at any time, without trial, to suspend or remove any of said officers [the marshal and assistant marshal] for breach of duty, or failure to perform duty, insubordination, incapacity, or for conduct unbecoming an officer or a gentleman, or for other good and sufficient cause or reason to be adjudged by the mayor and council. The mayor may at any time, during a recess of council, suspend any of the said officers for any of the above-named reasons, for a period not to exceed ten days, without pay, and appoint a substitute therefor." In pursuance of the power granted in the closing sentence of the extract quoted, the mayor issued an order suspending D. J. Forehand as policeman, without pay, for a period of ten days, and the defendants in this case, P. T. Fulmer and others, councilmen of said city, according to the allegations of the petition brought by J. F. Darby, mayor, "are endeavoring to vote the said D. J. Forehand clear of the charges made against him by the mayor, and are threatening to pay him for the time lost during his suspension of ten days." It is further alleged that "E. T. Dickens, clerk of the City of Vidalia, is authorized to draw checks on the treasury of the city for the payment of said policeman's salary, and that said Dickens is attempting and will, if instructed by the defendants herein, draw a check in favor of said policeman, and that the City of Vidalia will suffer a loss in the sum of forty dollars and other large sums, which will be paid out contrary to the law and the charter of said city;" and further, that "the defendants have been and threaten to continue to interfere with his right to suspend policemen in the City of Vidalia as provided in section 22 of the new charter, and unless restrained they will continue to pay policemen for time during which they were suspended, and continue to endeavor to deprive him of this right, which will be a total loss to the city and for which the city will have no right to recourse." The prayers of the petition are, in part, that "(a) P. T. Fulmer et al. be restrained from passing any order or ordinance allowing the clerk to pay any policeman who may hereafter be suspended in the future in the manner above stated; and from passing any order or resolution authorizing the payment of said D. J. Forehand for the time during which he was suspended as above stated. (b) That

said E. T. Dickens, clerk of the City of Vidalia, be restrained from drawing any check on the treasury of the city payable to the order of said D. J. Forehand for the time during which he was suspended as above stated; and from drawing any check in favor of any policeman for time during which he has been suspended by your petitioner acting under the authority as above stated."

The defendants in their answer insist that they had the right to investigate and decide whether or not the policeman in question was lawfully suspended. They further allege that they have no intention of instructing the clerk to issue a voucher for Forehand until a hearing can be had before the mayor and council of the city; but that "if it appears that the said mayor without good and sufficient cause suspended the said Forehand, then in that event the mayor and council should so declare by resolution, and direct the clerk of said city to draw a voucher for the said Forehand in such sum as he would have received during the period of his suspension as aforesaid." The court refused an injunction.

The court did not err in this ruling. It does appear that the mayor was authorized to suspend the policeman in question. We will not pass upon the question as to whether or not the city council could grant a hearing as to the charges against him; they have not passed upon that question, and the court will not anticipate the character of their action. They may refuse to order his payment and the issuance of a voucher in his favor. If they should decide to pay him and the clerk is about to issue the voucher, then, if there is no authority for the issuance of the voucher, any taxpayer of the city may maintain a suit to enjoin the unauthorized payment of the funds of the city to the policeman. It is hardly necessary for the court to say that a court of equity should not undertake to enjoin in advance all future action of the council upon claims like this. The judgment refusing an injunction is                    *Affirmed. All the Justices concur.*